WILSON TURNER KOSMO LLP
THERESA W. ESQUEDA (299739)
JASON M. AVELAR (312884)
402 West Broadway, Suite 1600
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
E-mail:  tesqueda@wilsonturnerkosmo.com
E-mail:  javelar@wilsonturnerkosmo.com

Attorneys for Defendant
TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRIDIANA DELGADO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**TARGET CORPORATION'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332(a)(1), 1441 (DIVERSITY)**<br><br>Complaint Filed:  October 4, 2024 |

**TO THE HONORABLE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND PLAINTIFF'S COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 United States Code sections 1441(a), and 1446, Defendant TARGET CORPORATION ("Target"), hereby removes this action from the Superior Court of the State of California, Kern County (the "Superior Court"), to the United States District Court for the Eastern District of California. Target submits the following statement of grounds for removal:

## I. THE REMOVED CASE

1. On October 9, 2024, Plaintiff Viridiana Delgado ("Plaintiff") filed a Complaint in the Superior Court for the State of California, Kern County ("Superior

1. Court"), entitled *Viridiana Delgado v. Target Corporation*, No. BCV-103400 ("State Action"). *See* Declaration of Jason M. Avelar ("Avelar Decl.") at ¶ 2, Ex. A.

2. Plaintiff asserts seven causes of action against Target, each pursuant to California law: (1) Discrimination in Violation of Gov't Code sections 12940, *et seq*; (2) Retaliation in Violation of Gov't Code sections 12940, *et seq*; (3) Failure to Prevent Discrimination in Violation of Gov't Code sections 12940, *et seq*; (4) Failure to Provide Reasonable Accommodation in Violation of Gov't Code sections 12940, *et seq*; (5) Failure to Engage in a Good Faith Interactive Process in Violation of Gov't Code sections 12940, *et seq*; (6) Wrongful Termination in Violation of Public Policy; and (7) Retaliation in Violation of Labor Code sections 1102.5 and 1102.6. *See id*. at ¶ 2.

## II.  TARGET HAS SATISFIED ALL PROCEDURAL REQUIREMENTS

3. Target was served with the Complaint on October 15, 2024. *See* Avelar Decl. at ¶ 3. This Notice of Removal is being filed within thirty days after service of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based. Therefore, this Notice is timely filed pursuant to 28 U.S.C. section 1446(b).

4. The State Action was commenced on October 9, 2024. *See* Avelar Decl. at ¶ 3. This Notice of Removal is being filed within one year of the commencement of this action and is therefore timely filed pursuant to 28 U.S.C. section 1446(c).

5. Plaintiff initially filed this action in the Superior Court which sits within the Eastern District of California. *See* Avelar Decl. at ¶ 2. Venue is proper when an action is removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. section 1441(a). Accordingly, venue properly lies in this District.

6. Target filed its Answer in the Superior Court on November 8, 2024. *See* Avelar Decl. at ¶ 3. Pursuant to 28 U.S.C. section 1446(a), copies of all process and pleadings for the State Action in Target's possession are filed concurrently as

///

Exhibits, A, B and C to the Declaration of Jason M. Avelar in support of this Removal.

7. Pursuant to 28 U.S.C. section 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court, promptly after filing the same with this Court.

### III. THE DISTRICT COURT HAS DIVERSITY JURISDICTION

8. The Action meets the requirements of 28 U.S.C. section 1332(a) and may be removed pursuant to 28 U.S.C. section 1441 because it is a civil action: (1) "between citizens of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. section 1332(a), 1441.

**A.   Diversity of Citizenship Exists.**

9. Plaintiff conceded in the Complaint that she is a resident of the County of Kern, California as of the time the Complaint was filed and at all times relevant to the case. *See* Avelar Decl. at ¶ 2, Ex. A. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A plaintiff's place of residency is evidence of her domicile absent affirmative allegations to the contrary. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). Given this, Plaintiff is a citizen of California.

10. Target is, and was at the time Plaintiff commenced the State Action, a corporation duly organized and existing under the laws of the State of Minnesota with its corporate headquarters in Minneapolis, Minnesota. Target's corporate headquarters is where the majority of its executive and administrative functions are performed, and where the majority of its corporate officers and executives are located. Thus, Target's principal place of business is in Minnesota. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 93 (2010); *see also Gonzalez v. Target Corp.*, No. S-13-1615-KJM-AC, 2013 WL 5554959, at *2 (E.D. Cal. Oct. 8, 2013) (finding that "Target is a citizen of

Minnesota for diversity purposes"). Given this, Target is a citizen of Minnesota. *See* 28 U.S.C. § 1332(c).

11. Therefore, because Plaintiff is a citizen of California and Target a citizen of Minnesota, complete diversity amongst the parties exists.[1]

## B. The Amount In Controversy Requirement Is Satisfied

12. The amount in controversy in the Action exceeds $75,000, exclusive of interests and costs. To determine the amount in controversy, a district court should first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy," *i.e.*, that the amount exceeds the threshold. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal quotation omitted). If the amount in controversy is not facially apparent, the court then considers whether the notice of removal plausibly alleges that the amount exceeds the threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–88 (2014). Plausible allegations alone are sufficient; evidence is required only if the plaintiff contests, or the court questions, the plausibility of the defendant's allegations. *Id.* at 89, 95; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-CV-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 24, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

13. For purposes of determining the amount in controversy, a court must consider "all relief a court may grant on that complaint if the plaintiff is victorious." *Canesco v. Ford Motor Co.*, 570 F.Supp.3d 872, 902 (S.D. Cal. 2021) (internal quotation omitted). "It is simply an estimate of the total amount in dispute, not a prospective assessment of the defendant's liability." *Id.* "Thus, in measuring the amount in controversy, a court must assume that the allegations of the complaint are

---

[1] Doe Defendants are disregarded when determining whether there is complete diversity between the parties. *See* 28 U.S.C. section 1441(b)(1).

true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Id*.

14. Here, it is not "facially apparent" that the amount in controversy exceeds $75,000, in that Plaintiff does not expressly allege she seeks more than that amount in her Complaint. However, the substance of Plaintiff's claims plainly demonstrates that the amount in controversy exceeds $75,000.

15. The Complaint does not demand a specific dollar amount, other than an indication that Plaintiff's "demand" is "over $35,000" and that Plaintiff seeks a civil penalty "in the amount of no less than $10,000." *See* Avelar Decl. at ¶ 2, Ex. A. Plaintiff began working for Target on March 19, 2018. *See id*. Plaintiff alleges, *inter alia*, that she suffered discrimination and retaliation based on a medical condition, and she was subsequently wrongfully terminated, on or around January 4, 2024, due to requesting and taking protected leave as an accommodation. *See id*.

16. Plaintiff earned $22.50 per hour in regular wages as a full-time non-exempt employee at the time her employment ended on January 4, 2024. *See* Avelar Decl. at ¶ 4. By extrapolating Plaintiff's hourly rate and full-time availability from January 4, 2024, through the date of this Removal, approximately 22.5 weeks, Plaintiff is seeking approximately $20,250 in lost wages alone. *See id*. Plaintiff also seeks future lost wages as a result of the allegedly unlawful termination, which are calculated to the date of trial. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). Assuming a conservative trial date of eighteen months from the date of this Removal, the total for all lost wages jumps to $90,450. Thus, the amount in controversy is satisfied by Plaintiff's claims for lost wages alone.

17. Reasonable estimates of Plaintiff's attorneys' fees must also be included in the amount in controversy calculation when claims are brought pursuant to a fee shifting statute. *See Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). This includes future attorneys' fees, not just attorneys' fees as of the date of removal. *Id*. Attorneys' fees alone likely exceed the amount in controversy

1  threshold. As one district court aptly noted, "[t]he reality is that based on Ninth
2  Circuit authority requiring inclusion of future attorney's fees in the amount in
3  controversy calculation, few cases where attorney's fees are recoverable will not meet
4  the jurisdictional threshold." *Bui v. Mercedes-Benz USA, LLC*, No. 3:20-CV-01530-
5  CAB-WVG, 2020 WL 12688081, at *4, fn. 1 (S.D. Cal. Sept. 30, 2020).

6    18.  In her Complaint, Plaintiff seeks "attorneys' fees … pursuant to the
7  FEHA, Labor Code and/or any other basis" in her Prayer for Relief. *See* Avelar Decl.
8  at ¶ 2, Ex. A. Attorneys' fees may be awarded to the prevailing party pursuant to the
9  FEHA. *See*, *e.g.*, Cal. Gov't Code § 12965(c)(6). It is reasonable to estimate that
10 Plaintiff's counsel will seek at least $350 per hour. *See*, *e.g.*: *Noyes v. Kelly Services,*
11 *Inc.*, No. 2:02-CV-2685-GEB-CMK, 2008 WL 3154681, at *2-3 (E.D. Cal. Aug. 4,
12 2008) (approving $350 per hour for FEHA discrimination case); *Cosby v. Autozone,*
13 *Inc.*, No. 2:08-CV-00505-KJM-DAD, 2016 WL 1626997, at *6-8 (E.D. Cal. Apr. 25,
14 2016) (approving $300 per hour rate for fifth year attorney); *Dykzuel v. Charter*
15 *Comm's, Inc.*, No. 2:18-CV-05826DSF-GJS, 2024 WL4354866, at *3-4 (C.D. Cal.
16 Jan. 16, 2024) (approving $625 and $950 per hour for FEHA discrimination case).

17   19.  Further, it is reasonable to estimate that Plaintiff's counsel will expend at
18 least 400 hours of attorney time to bring the matter to trial. *See*, *e.g.*: *Noyes*, 2008 WL
19 3154681, at *1 fn.1 (award for 1,539.75 attorney hours for FEHA matter through
20 trial); *Crosby*, 2016 WL 1626997, at *13 (approving over 1,400 hours for just one of
21 several attorneys preparing a FEHA matter for trial). Given this, it is reasonable to
22 conclude that Plaintiff will seek at least $140,000 in attorneys' fees if she were to
23 prevail at trial. This amount alone satisfies the amount in controversy requirement.

24   20.  Plaintiff also seeks emotional distress damages for violations of the
25 FEHA, *see* Avelar Decl. at ¶ 2, Ex. A, which may be considered in determining the
26 amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir.
27 2005). To estimate emotional distress damages, a district court may consider damages
28 awards from similar cases. *See id.* In FEHA cases such as this, "emotional distress

damages alone often well exceed $75,000." *Hankins v. American Medical Response Ambulance Service, Inc.*, No. 1:16-CV-01046-LJO-MJS, 2018 WL 339062, at *4 (E.D. Cal. Jan. 9, 2018) (citing *Sornia v. El Centro Elementary School Dist.*, 285 Fed.Appx. 337 (9th Cir. 2008) (affirming award of $400,000 in emotional distress damages)); *see also Iwekaogwu v. City of Lost Angeles*, 75 Cal.App.5th 803, 821-22 (Cal. Ct. App. 1999) (affirming emotional distress award of over $450,000 on FEHA retaliation claims). Given this, it is reasonable to estimate that Plaintiff's alleged emotional distress damages alone will exceed $75,000, which satisfies the amount in controversy requirement.

21. Plaintiff also seeks punitive damages, which may be considered when they are recoverable pursuant to a claim. *See Gonzalez v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016). Here, five of Plaintiff's claims are brought pursuant to the FEHA, *see* Avelar Decl. at ¶ 2, Ex. A, and punitive damages are recoverable for FEHA violations. *See Commodore Home Sys., Inc. v. Sup. Ct.*, 32 Cal.3d 211, 220-21 (Cal. 1982). When a specific punitive damages figure is not sought, the Court can gauge a probable amount based on awards in similar cases. *See Lehman v. Amazon Services, LLC*, No. 2:23-CV-02022-DAD-JDP, 2023 WL8184932, at *5 (E.D. Cal. Nov. 27, 2023). Given the types of claims asserted by Plaintiff, and Target's status as a large, publicly traded corporation, punitive damages alone could exceed $75,000. *See*, *e.g.*: *Sawyer v. Retail Data, LLC*, 2015 WL 3929695, at *2 (C.D. Cal. Apr. 29, 2015) (finding amount in controversy met based in part on recent employment discrimination verdicts in California trending between $50,000 and $7.5 million in punitive damages alone); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) (noting punitive damages awards ranging from $60,000 to $40 million).

22. Taken together, it is more likely than not that Plaintiff is seeking damages well in excess of $75,000 before considering her requests for a civil penalty of "no less than $10,000," disgorgement of profits, and post-judgment interest.

## IV. CONCLUSION

23. For the reasons set forth above, this Court has original jurisdiction over this action under 28 U.S.C. section 1332 and removal of this action is proper under 28 U.S.C. sections 1441 and 1446.

Dated:   November 14. 2024              **WILSON TURNER KOSMO LLP**

                                        By:   */s/ Jason M. Avelar*
                                              THERESA W. ESQUEDA
                                              JASON M. AVELAR
                                              Attorneys for Defendant
                                              TARGET CORPORATION