UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRDIANA DELGADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TARGET CORPORATION,<br><br>　　　　Defendant. | Case No. 1:24-cv-01396-KES-CDB<br><br>ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $100 PER DAY<br><br>(Doc. 10) |

  Plaintiff Virdiana Delgado ("Plaintiff") initiated this action with the filing of a complaint in Kern County Superior Court, Case No. BCV-103400, on October 9, 2024. (Doc. 1). Defendant Target Corporation ("Defendant") removed the state action to this Court on November 14, 2024. (Id.). On November 14, 2024, the Court entered the order setting the initial scheduling conference for February 11, 2025, at 9:30 AM. (Doc. 2). In its order, the parties were provided the email address for the undersigned's courtroom deputy for the parties to request and obtain Zoom teleconference connection details. (Id. at 2). Further, the courtroom deputy forwarded the Zoom connection details via email to counsel for the parties in advance of the scheduling conference.

  The parties convened via Zoom videoconference for a scheduling conference before the undersigned on February 11, 2025. Jason M. Avelar and Theresa W. Esqueda appeared on behalf of Defendant. Plaintiff did not appear either personally or through counsel. As such, the Court was unable to schedule the case. That same day, the Court issued an order to show cause requiring

Plaintiff to respond in writing within three days setting forth why sanctions should not be imposed for her failure to appear at the scheduling conference. Plaintiff has failed to timely respond to the show cause order.

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

1    Here, despite the Court's order to make a written filing explaining Plaintiff's failure to
2 appear for the scheduling conference, Plaintiff has failed to comply with the Court's orders.
3 Accordingly, the Court finds that monetary sanctions are appropriate to compel Plaintiff to comply
4 with this Court's orders.  Therefore, to gain Plaintiff's compliance, a $100.00 sanction shall be
5 imposed on Plaintiff commencing on the date of this order and shall continue to be imposed each
6 day thereafter until Plaintiff files a pleading responsive to the order to show cause.  Plaintiff's filing
7 of a report on the date of this order will not relieve Plaintiff of the sanction imposed commencing
8 on this date.  Further, the daily deadline shall expire at the close of business each day at 5:00 pm.

9    Based on the foregoing, IT IS HEREBY ORDERED, Plaintiff shall pay the Clerk of the
10 Court $100 per day, beginning on the date of this order, until Plaintiff makes a filing responsive to
11 the Court's order to show cause.

12 IT IS SO ORDERED.

13    Dated:   **February 18, 2025**

14                                                                                UNITED STATES MAGISTRATE JUDGE

3