UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRDIANA DELGADO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TARGET CORPORATION,<br><br>　　　　　Defendant. | Case No. 1:24-cv-01396-KES-CDB<br><br>**ORDER REQUIRING PLAINTIFF AND COUNSEL TO SHOW CAUSE IN WRITING WHY DAILY SANCTIONS SHOULD NOT CONTINUE AND WHY FULL SANCTION AMOUNT SHOULD NOT BE IMPOSED AND REPORTED TO STATE BAR**<br><br>(Doc. 10)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS**<br><br>14-Day Deadline |

### Background

Plaintiff Virdiana Delgado ("Plaintiff") initiated this action with the filing of a complaint in Kern County Superior Court, Case No. BCV-103400, on October 9, 2024. (Doc. 1). Defendant Target Corporation ("Defendant") removed the state action to this Court on November 14, 2024. (Id.). On November 14, 2024, the Court entered the order setting the initial scheduling conference for February 11, 2025, at 9:30 AM. (Doc. 2). In its order, the parties were provided the email address for the undersigned's courtroom deputy for the parties to request and obtain Zoom teleconference connection details. (*Id*. at 2). Further, the courtroom deputy forwarded the Zoom

1

1 connection details via email to counsel for the parties in advance of the scheduling conference.

2 The parties convened via Zoom videoconference for a scheduling conference before the undersigned on February 11, 2025. Jason M. Avelar and Theresa W. Esqueda appeared on behalf of Defendant. Plaintiff did not appear either personally or through counsel. As such, the Court was unable to schedule the case. (Doc. 9). That same day, the Court issued an order to show cause requiring Plaintiff to respond in writing within three days setting forth why sanctions should not be imposed for her failure to appear at the scheduling conference. (Doc. 10). When Plaintiff failed to timely respond to the show cause order, the Court entered an order imposing a daily $100 sanction to be assessed until Plaintiff responded to the show cause order. (Doc. 11) (citing *inter alia* Local Rule 110).

**Discussion**

1. The Daily Sanctions

Because Plaintiff has failed to respond to the Court's February 11 order to show cause or pay any of the accrued daily sanctions, the total accrued sanctions has reached an amount of $900 on the date of this order (February 26, 2025). Pursuant to California law, "a court shall notify the State Bar of any of the following: . . . (3) The imposition of any judicial sanctions against an attorney, except sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)." Cal. Bus. & Prof. Code § 6086.7(a)(3).

The Court shall afford Plaintiff and her counsel an opportunity to explain why the total sanction amount already compiled as of this date should not be imposed in total, jointly and severally against Plaintiff and her counsel. The Court may accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to timely pay to the Clerk of Court the sanctions previously imposed.

To be clear to Plaintiff and her counsel, nothing in this order suspends the ongoing imposition of the daily sanctions that began on February 18, 2025, and the daily sanctions will continue to accrue during the pendency of the response period indicated in this order, until Plaintiff and counsel comply with the February 11, 2025, order and this order.

2. Additional Sanctions

2

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110.  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Here, Plaintiff has failed to comply with the Court's orders and Local Rules.  Plaintiff failed to appear for the scheduling conference, filed no response to the Court's subsequent order to show cause, and has declined to pay monetary sanctions imposed.  There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders.  Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

1  action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed
2  further without Plaintiff's participation to prosecute the case and respond to the Court's orders.
3  *See* (Doc. 10). The presumption of injury holds given Plaintiff's unreasonable delay in
4  prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendant—also weighs
5  in favor of dismissal. *Carey*, 856 F.2d at 1440.

6  The fourth factor usually weighs against dismissal because public policy favors
7  disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,
8  "this factor lends little support to a party whose responsibility it is to move a case toward
9  disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460
10 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. She has
11 instead failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the
12 Local Rules, and is thus impeding the progress of this action. Therefore, the fourth factor — the
13 public policy favoring disposition of cases on their merits — also weighs in favor of dismissal.
14 *Carey*, 856 F.2d at 1440.

15 Finally, the Court's warning to a party that failure to obey the court's order will result in
16 dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.
17 Here, the Court's order to show cause, requiring a response from Plaintiff, cautioned: "**Failure to**
18 **comply with this order to show cause may result in the imposition of sanctions, up to and**
19 **including a recommendation to dismiss the case**." (Doc. 10 at 2) (emphasis in original).
20 Plaintiff was adequately forewarned that the failure to timely respond to the show cause order
21 could result in terminating sanctions.

22 Because Plaintiff has failed to comply with this Court's orders and Local Rules, and in so
23 doing is failing to prosecute his case, the undersigned will recommend dismissal of this action.

24 **Conclusion, Order and Findings & Recommendation**

25 Based on the foregoing, IT IS HEREBY ORDERED that on or before **February 28, 2025**,
26 Plaintiff Virdiana Delgado and counsel Michael Zaman shall show cause in writing why the
27 cumulative, previously imposed sanction and daily sanction amount set to reach $900 as of the date
28 of this order shall not be jointly and severally imposed, why such sanction shall not be reported to

1  the State Bar of California in the event Plaintiff and counsel fail to timely respond, and why daily
2  sanctions shall not continue to be imposed.

3  And it is FURTHER RECOMMENDED that the Court DISMISS this action without
4  prejudice for Plaintiff's failure to prosecute this action and to comply with the Court's orders and
5  Local Rules.  *See* E.D. Cal. Local Rule 110.

6  These Findings and Recommendations will be submitted to the United States District Judge
7  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after
8  being served with a copy of these Findings and Recommendations, a party may file written
9  objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to
10 Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave
11 of Court and good cause shown.  The Court will not consider exhibits attached to the Objections,
12 but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages
13 filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing
14 these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any
15 objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson*
16 *v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

17 IT IS SO ORDERED.

18 Dated:   **February 26, 2025**
19                                                                          UNITED STATES MAGISTRATE JUDGE