UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRDIANA DELGADO,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No. 1:24-cv-01396-KES-CDB<br><br>**ORDER DISCHARGING SANCTIONS ORDER AND REQUIRING PLAINIFF TO PAY SANCTIONS**<br><br>(Docs. 11, 13)<br><br>**ORDER DISCHARGING ORDERS TO SHOW CAUSE AND HOLDING IN ABEYANCE FEBRUARY 26, 2025, FINDINGS AND RECOMMENDATIONS**<br><br>(Docs. 10, 12)<br><br>**March 31, 2025 Deadline** |

**Relevant Background**

Plaintiff Virdiana Delgado ("Plaintiff") initiated this action with the filing of a complaint in Kern County Superior Court, Case No. BCV-103400, on October 9, 2024. (Doc. 1). Defendant Target Corporation ("Defendant") removed the state court action to this Court on November 14, 2024. (*Id*.).

On February 11, 2025, Plaintiff failed to appear at the duly noticed scheduling conference, prompting the Court to issue an order to show cause why sanctions should not be imposed. (Doc. 10). When Plaintiff failed to timely respond to the show cause order, on February 18, 2025, the

1

Court entered an order imposing a daily $100 sanction to be assessed until Plaintiff responded to the show cause order. (Doc. 11) (citing *inter alia* Local Rule 110).

On February 26, 2025, after Plaintiff had failed to pay accrued daily sanctions and the total amount of sanctions imposed had reached the threshold requiring counsel to self-report to the California state bar, the Court entered a further show cause order requiring Plaintiff and her counsel to respond. (Doc. 12). In its order, the Court noted that it "may accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to timely pay the Clerk of Court of the sanctions previously imposed." (*Id.*). Plaintiff and her counsel were forewarned that "the daily sanctions will continue to accrue during the pendency of the response period indicated in this order, until Plaintiff and her counsel comply with the February 11, 2025, order and this order." (*Id.*). In the same order, the Court entered findings and recommendations to dismiss the action for Plaintiff's failure to prosecute and comply with the Court's orders. (*Id.* at 4-5). Plaintiff and her counsel were provided 14 days from the date of service of the findings and recommendations to file any objections (*i.e.*, March 12, 2025). (*Id.* at 5).

**Discussion**

Pending before the Court is the declaration of Plaintiff's counsel, Michael Zaman, in response to the Court's orders to show cause and findings and recommendations, filed on March 12, 2025. (Doc. 13). Plaintiff's counsel declares he failed to appear at the February 11, 2025, scheduling conference because the Zoom link for the scheduling conference was sent to an old, personal email address "that is seldomly checked" and therefore was not "recorded by [his] staff in preparation for the … conference" and that his recently hired paralegal "inadvertently did not confirm the zoom link was in [this] system prior to the hearing." (*Id.* ¶¶ 4, 5). He declares that he "began rushing to find a way to log in" ten minutes before the scheduling conference and was able to log into the Zoom link "by 9:36" but was notified that the "conference had ended." (*Id.* ¶ 6). He declares that on February 12, 2025, he emailed Defendant's counsel regarding the Court's February 11, 2025, order to show cause and inquired "about his availability for the continued … scheduling conference." (*Id.* ¶ 9); *see* (Doc. 13-1, "Ex. A") (email to Defendant's counsel). Plaintiff's counsel

1    proposed the following dates: "February 17, 18, 21, 26, 27, 28[.]"  (Ex. A).  Plaintiff's counsel
2    declares that on the next day, he instructed his "office filer to file" his declaration in response to
3    February 11, 2025, order to show cause (Doc. 13-3, "Ex. C").  (Doc. 13 ¶ 10) (citing Doc. 13-2,
4    "Ex. B") (email to staff).  Plaintiff's counsel declares that the employee he instructed "failed to file
5    the declaration on February 13, 2025 and was terminated … shortly thereafter" and that he "was
6    not notified that this terminated employee had not filed [his] declaration."  (*Id.* ¶ 11).  Plaintiff's
7    counsel declares that the Court's February 26, 2025, order to show cause was emailed again to his
8    old email address and another old work email address that he does "not have access to[,]" and that
9    he is "working with PACER to update this email address."  (*Id.* ¶ 12).

10    Plaintiff's counsel further declares that on March 11, 2025, while his office "was conducting
11    a routine audit of [their] case[,]" they "for the first time discovered the Court's orders from February
12    18, … 26, … 28[,]" of which they were "completely unaware of the sanctions imposed on this case
13    nor the Court's orders."  (*Id.* ¶ 13).  Plaintiff's counsel declares that as a result of the discovery, he
14    "immediately prepared this declaration to comply with the Court's orders[,]" that his office "has
15    continued to prosecute this case" as they have "met and conferred with opposing counsel … in
16    obtaining dates for the continued mandatory scheduling conference[,]" and he "has made every
17    effort in [his] power to appear on time and ready for the Court on the February 11, 2025 …
18    scheduling conference."  (*Id.* ¶¶ 13-15).  Plaintiff's counsel apologizes for his "office's failure to
19    timely file the Declaration due on February 13, 2025 and respectfully urges the Court not to sanction
20    [himself] nor the Plaintiff for [his] inadvertent mistake and not to dismiss the entire action."  (*Id.*
21    ¶¶ 17, 19).

22    The Court finds that the declaration of Plaintiff's counsel in response to the Court's
23    sanctions order and orders to show cause adequately responds to the Court's directions.  (Doc. 13).
24    The Court notes, however, that counsel Zaman's declaration demonstrates at least that he acted
25    carelessly with respect to his duty to comply with the Court's orders and this district's local rules.
26    Specifically, Rule 5.3 of the California Rules of Professional Conduct provides "[w]ith respect to
27    a nonlawyer employed or retained by or associated with a lawyer," "a lawyer having direct
28    supervisory authority over the nonlawyer, whether or not an employee of the same law firm, shall

make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer" and "shall be responsible for conduct of such a person[.]" *See* Cal. Rules Prof. Conduct 5.3(b) & (c).  Here, Plaintiff's counsel directed his employees to file his February 13, 2025, declaration, serve it onto Defendant, and complete proof of service, but counsel repeatedly failed to properly supervise adherence by the nonlawyer to his directions.  (Ex. B); *see* Cal. Rules Prof. Conduct 5.3(c) ("[A] lawyer shall be responsible for the conduct [of his nonlawyer employee]… if: (1) the lawyer orders or, with knowledge of the relevant facts and of the specific conduct, ratifies the conduct involved[.]").

In light of Plaintiff's counsel's response to the Court's sanctions order, orders to show cause, and findings and recommendations, the Court shall discharge further sanctions and shall impose a $400 sanction based on the Court's order.  (Doc. 12 at 2) ("The Court may accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to timely pay to the Clerk of the Clerk the sanctions previously imposed.").  The Court finds that additional financial sanctions, reporting of counsel for Plaintiff to the California state bar, and dismissal of the action are unwarranted at this stage given counsel's attestations explaining his delinquencies.  Nevertheless, for the reasons set forth above, the Court finds that imposition of a $400 sanction is sufficient but not more than necessary to remediate and deter Plaintiff from further disobedience to the Court's orders. *See, e.g., Gen. Sig. Corp. v. Donallco, Inc.*, 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of monetary sanction that "was coercive and not compensatory" as "an amount required to prevent future violations") (unpublished).

As such, the Court will hold in abeyance the February 26, 2025, findings and recommendations to dismiss this action (Doc. 12) pending Plaintiff's counsel's compliance with this order.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff shall pay the Clerk of the Court $400.00 in sanctions no later than **March 31, 2025**.  Plaintiff's counsel shall promptly file proof of payment with the Court once

payment is made;

2. If such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from March 31, 2025, until full payment is received;

3. Plaintiff's counsel shall file a joint report identifying proposed dates agreeable to counsel for Defendant to reconvene for scheduling conference no later than March 31, 2025;

4. The Court's orders to show cause (Docs. 10, 12) are HEREBY DISCHARGED; and

5. The Court's February 26, 2025, findings and recommendations (Doc. 12) are HELD IN ABEYANCE pending Plaintiff's counsel's compliance with this order.

**Any failure by Plaintiff to comply with this order will result in the imposition of sanctions, up to and including the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **March 14, 2025**                    _____
                                                UNITED STATES MAGISTRATE JUDGE