UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRDIANA DELGADO,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 1:24-cv-01396-KES-CDB<br><br>ORDER VACATING FEBRUARY 26, 2025, FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 12)<br><br>ORDER SETTING SCHEDULING CONFERENCE ON APRIL 22, 2025 |

Plaintiff Virdiana Delgado ("Plaintiff") initiated this action with the filing of a complaint in Kern County Superior Court, Case No. BCV-103400, on October 9, 2024. (Doc. 1). Defendant Target Corporation ("Defendant") removed the state court action to this Court on November 14, 2024. (*Id.*).

On February 11, 2025, Plaintiff failed to appear at the duly noticed scheduling conference, prompting the Court to issue an order to show cause why sanctions should not be imposed. (Doc. 10). When Plaintiff failed to timely respond to the show cause order, on February 18, 2025, the Court entered an order imposing a daily $100 sanction to be assessed until Plaintiff responded to the show cause order. (Doc. 11) (citing *inter alia* Local Rule 110).

On February 26, 2025, after Plaintiff had failed to pay accrued daily sanctions and the total amount of sanctions imposed had reached the threshold requiring counsel to self-report to the California state bar, the Court entered a further show cause order requiring Plaintiff and her counsel

1 to respond. (Doc. 12). In the same order, the Court entered findings and recommendations to dismiss the action for Plaintiff's failure to prosecute and comply with the Court's orders. (*Id.* at 4-5).

On March 12, 2025, Plaintiff's counsel, Michael Zaman, filed a declaration in response to the Court's orders to show cause and findings and recommendations. (Doc. 13). In light of Plaintiff's counsel's response to the Court's sanctions order, orders to show cause, and findings and recommendations, the Court discharged further sanctions and imposed a $400 sanction to be paid to the Clerk of the Court no later than March 31, 2025, with proof of payment filed with the Court once payment is made. (Doc. 14). The Court noted it "will hold in abeyance the February 26, 2025, findings and recommendations to dismiss this action (Doc 12) pending Plaintiff's counsel's compliance with this order." (*Id.* at 4, 5). The Court further ordered that "Plaintiff's counsel shall file a joint report identifying proposed dates agreeable to counsel for Defendant to reconvene for scheduling conference no later than March 31, 2025[.]" (*Id.* at 5).

On March 25, 2025, Plaintiff paid the $400 sanctions to the Clerk of the Court with proof of payment reflected on the docket. *See* (Dkt. 3/25/2025). On March 31, 2025, Plaintiff's counsel filed a declaration regarding proof of deposit of the $400 sanctions amount. (Doc. 15). That same day, Plaintiff filed the joint scheduling report identifying proposed dates agreeable to counsel for Defendant to reconvene for scheduling conference. (Doc. 16).

In light of Plaintiff's timely payment of the sanctions and filing of the joint report identifying proposed dates agreeable to counsel for Defendant to reconvene for scheduling conference, the Court will vacate the findings and recommendations to dismiss this action as a sanction. (Doc. 12). Further, based on the parties' joint report, the Court will set a Scheduling Conference on April 22, 2025.

///
///
///
///
///

2

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED:

1. The February 26, 2025, findings and recommendations (Doc. 12) are VACATED to the extent of recommending this action be dismissed as a sanction; and

2. The parties are directed to appear for a Scheduling Conference on **April 22, 2025, at 9:00 AM**. The parties are directed to file an updated Joint Scheduling Report one (1) full week prior to the Scheduling Conference that shall be e-mailed, in Word format, to cdborders@caed.uscourts.gov. *See* (Doc. 2 at 2).

IT IS SO ORDERED.

Dated:  **March 31, 2025**                                                     _____
                                                                                                     UNITED STATES MAGISTRATE JUDGE

3